UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BAUDILIO NUNEZ ROMAN,

    Plaintiff,

v.                                         Case No: 2:16-cv-500-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Plaintiff Baudilio Nunez Roman seeks judicial review of the denial of his claims for Social Security disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), sentence four.

I.     Issue on Appeal[1]

Plaintiff raises one issue on appeal: whether the Administrative Law Judge ("ALJ") improperly rejected the opinion of Plaintiff's treating psychiatrist, Miriam Ajo, M.D.

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

1

## II. Procedural History and Summary of the ALJ's Decision

Plaintiff filed applications for DIB and SSI on November 18, 2011. Tr. 211-20, 234-37. Plaintiff alleged that his disability began April 15, 2008 due to his broken right hand, knee and back problems and mental problems. Tr. 106, 119. Plaintiff later amended his disability onset date to September 2, 2011.[2] Tr. 233. Plaintiff's claims were denied initially and upon reconsideration. Tr. 139-44, 147-51. Plaintiff requested a hearing before an ALJ and received a hearing before ALJ Maria C. Northington on September 5, 2014. Tr. 46-89. Plaintiff, who was represented by counsel during the hearing, appeared and testified at the hearing with the assistance of an interpreter. Tr. 48, 57-79. A vocational expert also appeared and testified at the hearing. Tr. 46, 79-88.

On February 6, 2015, the ALJ issued a decision finding Plaintiff not disabled since April 15, 2008[3] through the date of the decision. Tr. 19-32. At step one of the ALJ's decision, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, and Plaintiff has not engaged in substantial gainful activity since the amended onset date of September 2, 2011. Tr. 21. At step two, the ALJ found that Plaintiff has the following severe impairments: unspecified affective disorder, mild lumbar degenerative disc disease with sciatica

---

[2] Plaintiff had previously filed applications for DIB and SSI and appealed the denial of his initial claims, which were before ALJ Frederick McGrath. Tr. 93-101. On September 1, 2011, ALJ McGrath issued a decision finding Plaintiff not disabled from April 1, 2003 through September 1, 2011. Tr. 93-101. This decision is not before the Court.

[3] Although Plaintiff amended his disability onset date to September 2, 2011, the ALJ still found Plaintiff not disabled from April 15, 2008, his previously alleged onset date. Tr. 31, 233.

2

and a history of polysubstance abuses in remission. Tr. 22. The ALJ then found that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a wide range of medium work[4] with the following limitations:

> [Plaintiff] is capable of performing all postural functions except no crawling, no kneeling, and no climbing and no overhead reaching with the bilateral upper extremities. Secondary to his mental impairments, he retains the capacity to understand, remember and carryout simple instructions and to perform simple routine repetitive tasks as consistent with unskilled work. [Plaintiff] is to perform no work that would involve hazardous situations such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. In the course of work, he is to have no required oral and written fluency of the English language, but incidental and simple English communications remain intact. In the course of work, he is to have no required reading and writing as part of a job. In the course of work, he is to have no contact with the public and only occasional contact with coworkers and supervisors, occasional being defined as occasional interaction and coordination, but not necessarily proximity to the same.

Tr. 23-24. Next, the ALJ determined that Plaintiff is unable to perform any past relevant work. Tr. 29. The ALJ found that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy Plaintiff can perform. Tr. 30. As a result, the ALJ concluded that

---

[4] The regulations define medium work as follows:

Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c).

3

Plaintiff had not been under a disability from April 15, 2008 through February 6, 2015. Tr. 31.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on May 26, 2016. Tr. 1-4. Accordingly, the ALJ's February 6, 2015 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on June 24, 2016. Doc. 1. Both parties have consented to the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review. Docs. 18, 20.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[5] The Commissioner has established a five-step sequential

---

[5] The Court notes that after Plaintiff filed his applications and the ALJ issued the decision, certain Social Security rulings and regulations have been amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision, unless regulations specify otherwise. *Green v. Soc. Sec. Admin., Comm'r*, — F. App'x —, 2017 WL 3187048, at *4 (11th Cir. July 27, 2017) (in reviewing the ALJ's decision, refusing to apply SSR 16-3p retroactively because "administrative rules are not generally applied retroactively."); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply."). *See also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (holding that when the Appeals Council denies review of the ALJ's decision, appellate courts review the ALJ's decision as the Commissioner's final decision).

analysis for evaluating a claim of disability. *See* 20 C.F.R. §416.920. The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.* at 933; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

5

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP*, 95 F.3d 1079, 1082 (11th Cir. 1996)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir.1971)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

IV.   Discussion

> *Whether the ALJ improperly rejected the opinion of Plaintiff's treating psychiatrist, Dr. Ajo*

Dr. Ajo treated Plaintiff for his affective disorder and substance and alcohol dependence in remission from November 7, 2011 to May 12, 2014. Tr. 348-64, 373-80, 390-489. On July 3, 2012, Dr. Ajo completed a mental RFC questionnaire regarding Plaintiff's mental RFC. Tr. 386-89. The ALJ discussed Dr. Ajo's opinion as follows:

> Dr. Ajo opined that [Plaintiff] had marked limitation in social interaction, sustained concentration and persistence, and adaption. I find Dr. Ajo opinions are ridiculous and unsupported by her own progress notes. Dr. Ajo had a pattern of documenting these SAME findings for all of her patients. The undersigned understands that Dr. Ajo does not generate these opinions for secondary personal gain, which is commendable, however, she appears to be merely trying to help her patients get disability in order to get medical care, but in the long-run, her credibility is questionable as every single patient of hers cannot possible be this mentally limited. If these patients were so markedly and extremely mentally limited, there would certainly be a recurrence of psychiatric admissions. To wit, [Plaintiff] has not incurred any inpatient psychiatric admissions (Exhibit B9F).
>
> . . .
>
> More importantly, Dr. Ajo's [opinion] is unsupported by her own exams. She has a pattern of documenting that ALL of her patients have extreme and marked mental findings, which makes the validity of her opinions suspect and unreliable.

Tr. 28-29 (emphasis in original).

Plaintiff argues that the ALJ inappropriately rejected Dr. Ajo's opinion based on the ALJ's personal past experiences with Dr. Ajo, which compromised the disability determination process. Doc. 23 at 8-10. The Commissioner responds that substantial evidence supports the ALJ's decision to accord little weight to Dr. Ajo's

opinion, and Plaintiff received a full and fair hearing. Doc. 24 at 4-10. The Court finds that the ALJ's personal bias against Dr. Ajo may have compromised her decision, and thus Plaintiff did not receive full and fair consideration of his claims.

The Social Security Act requires that a claimant's hearing is both full and fair. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam). The ALJ plays a "crucial role in the disability review process" and has a duty to "develop a full and fair record" and to "carefully weigh the evidence, giving individualized consideration to each claim." *Id.* at 1401. Accordingly, the ALJ must "not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." *Id.* at 1400 (quoting 20 C.F.R. § 404.040). A claimant who fears that a particular ALJ will not provide a fair hearing must notify the ALJ at the "earliest opportunity." 20 C.F.R. § 404.940. If the ALJ declines to withdraw, the claimant may seek reconsideration by raising the issue before the Appeals Council. *Id.* Here, the ALJ's assessment of Dr. Ajo's opinion was evident in her decision that was issued after the hearing. Tr. 28-29. Plaintiff objected at the earliest opportunity by raising this issue before the Appeals Council. Tr. 2. The Appeals Council found that the ALJ did not abuse her discretion in assessing Dr. Ajo's opinion. *Id.*

Here, the Court finds that the ALJ's personal bias against Dr. Ajo warrants remand. The ALJ in *Miles*, as here, discounted the opinion of a medical examiner, who evaluated the claimant, because the ALJ found that the doctor "almost invariably conclude[d] that the person being examined is totally disabled." 84 F.3d at 1399. The Eleventh Circuit held that the ALJ's comment, "without any evidence

in support thereof, reflect[ed] that the process was compromised in this case." *Id.* at 1401. Accordingly, the court remanded the case to a different ALJ so that the claimant may receive "an unbiased reconsideration of her application for benefits before a different ALJ." *Id.*

Similar to the ALJ in *Miles*, the ALJ here found Dr. Ajo's findings "ridiculous" because she "had a pattern of documenting these SAME findings for all of her patients." Tr. 28 (emphasis in original); *see id.* at 1399. The ALJ further described Dr. Ajo as a person who "appears to be merely trying to help her patients get disability in order to get medical care, but in the long-run, her credibility is questionable as every single patient of hers cannot possible be this mentally limited." Tr. 28. Accordingly, the ALJ here, as in *Miles*, discredited Dr. Ajo's opinion partially based on her personal experiences with Dr. Ajo without any evidence supporting her view of Dr. Ajo. Tr. 28-29; *Miles*, 84 F.3d at 1399-1401. Thus, the Court finds that remand is appropriate because the ALJ's bias against Dr. Ajo compromised the process in Plaintiff's case. *Miles*, 84 F.3d at 1401. To ensure that Plaintiff receives a full and fair consideration of his claims, the Court will remand this case to a different ALJ. *See id.*

## V. Conclusion

Upon review of the record, the undersigned concludes that for the reasons cited in this Opinion and Order, the ALJ's personal bias compromised the process in this case. Accordingly, the Court will remand this case to a different ALJ for further proceedings.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The decision of the Commissioner is **REVERSED,** and this matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to:

    A. Consider and evaluate the treatment notes and opinions of Miriam Ajo, M.D.; and

    B. Conduct any further proceedings deemed appropriate.

2. The Commissioner shall reassign this case for rehearing to an Administrative Law Judge other than Administrative Law Judge Maria C. Northington.

3. The Clerk of Court is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record